## JOHN JUDGE v. SOPHIA VOGEL.

[ CALENDAR No. 3715. ]

*Good faith of transfer as between husband and wife—Rights of assignee of chattel mortgage—Fraud against creditors.*

All facts and circumstances bearing on the good faith of an alleged change of ownership from husband to wife should be admitted in evidence where the rights of the husband's creditors are involved and the only change of possession pretended is from the husband as owner to the husband as agent, though business goes on in his name.

Where the good faith of a pretended transfer of a debtor's property to his wife is in question, and it is shown that he carried on his business of manufacturing liquors in his own name though claiming to be her agent, the fact that he is taxed by the State as owner of the business is admissible as bearing on the question whether his wife's alleged ownership is not merely colorable.

The assignee of a chattel mortgage given to secure future advances does not acquire any rights if such advances are never made.

A chattel mortgage fraudulent as against creditors may be avoided at their option.

Where a chattel mortgage is given without consideration and for the purpose of being sold, the mortgager is estopped as against a purchaser from disputing that it secures a real debt; if it is not meant to be sold, he is not estopped.

The assignee of a chattel mortgage takes it only for what it is worth as between the original parties unless it secures negotiable paper.

A creditor who buys a chattel mortgage given by his debtor has no greater rights under it than any other assignee; as purchaser he gets only the mortgagee's right; as creditor he might contest the validity of the mortgage by attaching or levying on the goods.

Error to Mason. Submitted Jan. 17. Decided April 9.

REPLEVIN. Defendant brings error.

*E. N. Fitch* for plaintiff in error.

*White & Haight* for defendant in error. Possession by the husband as his wife's agent, of property transferred from him to her, does not indicate fraud where a valuable consideration is shown, *Hill v. Bowman*, 35 Mich., 191; *Dean v. Bailey*, 50 Ill., 481; *Primmer v. Clabaugh*, 78 Ill., 94; *Blood v. Barnes*, 79 Ill., 437.

COOLEY, J. The action in the court below was by Mrs. Vogel in replevin, to recover the vats, casks, kegs and stock of distilled and fermented liquors pertaining to a brewery and saloon which she claimed as her own property in Ludington, Michigan, and certain other articles which were made use of in and about the business. Judge was deputy sheriff, and had taken the articles as

the property of Albert Vogel, the husband of Sophia Vogel, against whom he had an execution at the suit of William Gerlach. Judge also had in his hands and claimed the protection of a chattel mortgage of the property or some part thereof, given by Albert and Sophia Vogel to Paul Vogel, dated June 28, 1876, purporting to secure $5,000, and assigned by Paul Vogel to William Gerlach, for whom Judge was acting.

It was not questioned that the property in suit had belonged to Albert Vogel, but the plaintiff below claimed that her father bought it of her husband for her, and that it was transferred to her in May, 1874. From that time she claims to have carried on the brewery and saloon which her husband had owned and carried on before; but for this purpose her husband was her agent, and it does not appear that plaintiff herself had anything to do with the business in person.

Very strong evidence was given to show that the whole transaction between Mrs. Vogel and her husband was colorable and fraudulent as to creditors, and the showing of any change of possession from Albert Vogel was very slight indeed. On the contrary, it was shown that for a year after the pretended transfer the receipts and shipments in the business were made in the name of Albert Vogel, and the goods for the price of which Gerlach recovered judgment, and which were malt and other articles which went into the manufacture of beer, were furnished by Gerlach on the order of Albert Vogel, after the pretended sale, and without any knowledge of it. Moreover, the monthly returns of the business for taxation under the internal revenue law were made by Albert Vogel in his own name, and sworn to by him. In view of this very remarkable state of facts, and especially as the only change of possession in the business which any one pretended, was from Albert Vogel as owner to Albert Vogel as agent, we think the court should have been very liberal in permitting the defendant to put in evidence of all the facts and circumstances which could

have any legitimate bearing on the question of the *bona fides* of the transfer.

The defendant offered to show that not only were the United States taxes assessed to and paid by Albert Vogel, but that the same was true of the State tax assessed upon the business carried on in the brewery. This offer as to the State tax was overruled. The right to make the showing would seem to be the same as the right to show that the United States tax was assessed to and paid by Albert Vogel; and no reason is suggested in the brief for defendant in error why the evidence was received as to the one tax and rejected as to the other.

The tax on the business of manufacturing liquors is to be assessed to the person carrying it on. Public Laws, 1875, p. 275, § 4. In that respect it differs from a tax on real property, which if resident is to be assessed to owner or occupant, and if non-resident need not be assessed to any one. It would not, it is true, be a very significant fact if a business should be assessed to the agent instead of the owner; but when the agent appears to have been purchasing stock for the business in his own name, and the receipts and shipments were made as if he were the owner, we think the circumstance that he was also taxed as owner is not without some legitimate bearing on the question whether the ownership was not in fact colorable. The court, we think, should have admitted this evidence.

A further question arises on the chattel mortgage. Mrs. Vogel claims that this was given to secure future advances, and that none were ever made. If that was the case Paul Vogel acquired no rights in the property under the mortgage. *Ladue v. Detroit & Milwaukee Ry. Co.*, 13 Mich., 380. On the other hand defendant introduced evidence to show that an actual indebtedness to a small amount was covered by it, but he insisted on the whole case that if such was not the fact the mortgage was executed and intended as a fraud upon the creditors of Albert Vogel, and to cover the property for his benefit.

And the court was requested to instruct the jury that "if the mortgage was executed for fraudulent purposes, and Albert and Sophia Vogel were cognizant of and participated in such fraud, then they are estopped from attacking such mortgage in the hands of an assignee for value."

The fraud intended by this instruction must be understood as a fraud upon creditors, since no other fraud was suggested on the trial. The question, therefore, seems to be this: whether one who gives a mortgage without consideration in order to defraud creditors is estopped from disputing a full consideration when the mortgage has passed into the hands of a purchaser.

A mortgage fraudulent as against creditors may be avoided at their option; but how the intended fraud upon them can give it validity as to others is not explained in the briefs. The right of the creditors is to defeat it; but there seems to be no necessary relation between a right of one man to defeat it as a fraud upon him, and a right of another to affirm it because of the same fraud. The fraud which should give one rights must be a fraud which in some way concerns his own interest.

Had this mortgage been given without consideration and for the purpose of being sold, the mortgagor would be held estopped from disputing, as against a purchaser, that it secured a real debt. *Bloomer v. Henderson*, 8 Mich., 395. But when it is not shown that a sale was intended there can be no room for the application of the doctrine of estoppel in favor of a purchaser. He takes the security for what it is worth as between the original parties; if it secures no debt, he can collect nothing upon it. This rule is without qualification except where the mortgage is accompanied by negotiable paper, and such was not the case here. There was consequently no error in the court refusing the instruction prayed.

It is proper to say in this connection that though Gerlach was a creditor, he can claim no greater rights

as purchaser on that account. As creditor he might contest the validity of the mortgage by attaching or levying upon the goods; *Fox v. Willis*, 1 Mich., 321; as purchaser he gets only the right of the mortgagee.

For the error in excluding the proposed evidence regarding the taxes the judgment will be reversed with costs and a new trial ordered.

The other Justices concurred.