## No. 2565.

### CHARLES MILLER *v.* HERMAN KOERTGE.

1. FRAUDULENT CONVEYANCE.—A fraudulent grantee is substituted to the rights of his grantor in the property conveyed, which is subject only to the rights of the creditors of the grantor, and it is the right of such fraudulent grantee to compel such creditors to pursue strictly the procedure provided by law for the enforcement of their claims.

Opinion of the court.

2. SAME — GROSS INADEQUACY OF CONSIDERATION.— If property fraud-
ulently conveyed be seized under legal process to satisfy the debts of
the grantor, and is sold for a grossly inadequate price, under irregular
proceedings, the fraudulent grantee can, by proper proceedings, have
the sale set aside. The right of such grantee is subordinate only to
that of the creditors, and his participation in the fraud does not place
him beyond the pale of protection in reference to their illegal acts.

3. INDEXING necessary to perfect judgment lien upon recording abstract.

4. PRESUMPTION.—The registry of an abstract of a judgment, as well
as the index thereof, is necessary to secure a lien. No presump-
tion arises from evidence that the abstract of the judgment was re-
corded that the index thereof has been made.

5. INADEQUACY OF CONSIDERATION — FRAUDULENT CONVEYANCE.— One
claiming under a fraudulent conveyance can not procure a sale to be
set aside for gross inadequacy of price, which is made under legal pro-
cess to satisfy a judgment against his vendor, when the low price bid
for the property was caused by the registration before the judicial sale
of the fraudulent conveyance.

3. PARTIES.—In order to set aside a sheriff's sale for gross inadequacy of
consideration, a direct proceeding should be instituted for that purpose
in the court from which the execution issued, and the plaintiff in ex-
ecution, as well as the purchaser, should be made parties.

APPEAL from Harris. Tried below before the Hon. James
Masterson.

*Jones & Garnett,* for appellant.

*W. P. Hamblen,* for appellees: There was no lien on Karl
Koertge's property, by virtue of the judgment in favor of the
State of Texas v. Karl Koertge and Henry Walter, rendered in
the criminal district court of Harris county, under which ap-
pellants claim, because same was not indexed, and the charge
on that point was correct. (Rev. Stats., arts. 3157, 3158; Belbaze
v. Ratto, Galveston Term, 1888.)

GAINES, ASSOCIATE JUSTICE. At a sheriff's sale, made by
virtue of an execution in favor of the State of Texas against
Charles Koertge, the appellant Miller became the purchaser of
the lands in controversy in this suit. The sale was made on
the first Tuesday in March, 1885. The title to the lands was
originally in Charles Koertge, but Herman Koertge, his son,
claimed to have purchased them for a valuable consideration
before the sale and before the levy of the execution. Appellant
having obtained a judgment in a suit of forcible entry and un-
lawful detainer, the other parties to which are not shown by

the record, Herman Koertge brought this action to enjoin a
writ of possession on that judgment.   Herman died, his widow
and heirs made themselves parties plaintiff, and in an amended
petition alleged his purchase of the land from his father before
the levy of the execution, that the conveyance was made in
good faith and for a valuable consideration; and also that the
price bid by Miller at the sheriff's sale was grossly inadequate,
and that this was brought about by irregularities in making the
levy and in advertising the sale.   They offered to pay Miller
ninety-one dollars, the aggregate amounts of his bids and asked
that the sale be set aside and to be quieted in their title and
possession of the lands.   Miller answered setting up title by
virtue of the sheriff's sale, and alleged that the conveyance
from Charles Koertge to Herman Koertge was made with the
intent to defraud the creditors of the former; that it was not
in fact executed until the levy of the execution under which
he purchased, and also that an abstract of the judgment upon
which the execution issued had been filed in the county clerk's
office long before the date of the deed under which Herman
Koertge claimed, and was, therefore, a prior lien upon the
lands.

The deed from Charles to Herman Koertge bore date Decem-
ber 1, 1883, but was not acknowledged and recorded until the
twenty-seventh of February, 1885.   It purported to be for the
consideration paid of four hundred and seventy-five dollars.
The execution under which appellant claimed was levied on the
ninth of February, 1885.   Charles Koertge testified that his
conveyance to his son was bona fide, and not for the purpose of
defrauding his creditors.   There was evidence, however, tend-
ing to show that it was fraudulent as to creditors, and also that
in fact it was executed after it bore date, and after the levy of
the execution.   There was also evidence going to show that the
sheriff never made any demand upon Charles Koertge for a levy
and that the sale under the execution was not advertised for
twenty days.   Upon these points, however, there was also con-
flict.   The value of the property, as sworn to by the witnesses,
varied from about two hundred and fifty to one thousand five
hundred dollars.   The weight of the testimony seems to be that
the value was largely in excess of the bids of the appellant.

Such being the issues and evidence, the court, among other
instructions, charged the jury as follows:   "If you are satisfied
from the evidence that plaintiffs are the widow and children of

Herman Koertge, and that at the time of his death he held the title to the land sued for, they are entitled to recover it, unless you find from the evidence that the deed to him was made to hinder, delay and defraud the creditors of Charles Koertge, and that fact was known to Herman Koertge, or that he had such knowledge of the facts—if such was Charles Koertge's purpose—that he would and should, in the exercise of due and ordinary care, have known thereof—and if you so find, your verdict should be for defendant Miller, unless, from all the evidence before you, you further find that there are such irregularities or informalities in the sheriff's sale as would prevent the property from selling at a fair value; and in this connection you are instructed that mere inadequacy of consideration is no defense to a sheriff's sale and deed, but if there is such great disparity of the price bid and paid and the reasonable, fair value of the land sold as would shock the sense of all mankind, then but slight circumstances will suffice to vacate such sheriff's sale and deed." This charge is the ground of the first assignment of error. The most important question presented by the assignment is whether or not a fraudulent grantee, when the property is sold under execution against his grantor, can take advantage of irregularities resulting in gross inadequacy of price, in order to set aside the sale. Upon the point there are no authorities cited in the briefs of counsel, and we have not succeeded in finding a case in which the question has been determined.

In Pearson v. Hudson, 52 Texas, 352, the grantor had conveyed property in trust for his children, which was at the time subject to the lien of a judgment against him, and the property having been sold by virtue of an execution issued on the judgment, the grantees were permitted to set up the inadequacy of price growing out of irregularities in the levy, and to have the sale avoided. But in that case the court below found that the conveyance to the trustee was not fraudulent, and the finding was approved by the Supreme Court. What would have been the ruling if the conveyance had been fraudulent, the opinion does not intimate. Being without authority, we must resort to general principles. The language of the statute in reference to fraudulent conveyances is that such conveyances "shall as to such creditors * * * be void." But it is universally held that by this is not meant that the conveyance is absolutely void—that is to say, null to all intents and purposes as to the

persons attempted to be defrauded—but that it is subject to be avoided by a creditor, proceeding according to the due course of law. For example he can not act upon the theory that as to him the conveyance is absolutely void and take a deed from his debtor. (Judge v. Vogel, 38 Mich., 569; Fox v. Willis, 1 Mich., 321; Gransley v. Hooker, 3 Jones Eq. (N. C.), 4; Jones v. Rahelly, 16 Minn., 320; Tate v. Liggett, 2 Leigh, 84.)

If he proceed by attachment and seize personal property, alleged to have been fraudulently transferred by his debtor, and his debtor sue for the trespass in order to justify, not only must the attachment be produced, but it must be shown that he is a creditor of the fraudulent vendor, and that he took the necessary preliminary steps which authorize the issuance of the writ. (1 Thornburgh v. Hand, 7 Cal., 554; Noble v. Holmes, 5 Hill, 194; Damond v. Bryant, 19 Mass., 411; Sanford v. Wiggin, 14 N. H., 441.)

These instances are sufficient to illustrate the principle that the creditor is strictly limited to the right to subject the property fraudulently conveyed to the payment of his debt by the regular course of judicial prudence. He is certainly not entitled to any surplus that may remain after the satisfaction of his debt; nor is the fraudulent grantor, for as between him and the grantor the conveyance is good. In Zuver v. Clark, 104 Pennsylvania State, 222, the Supreme Court of Pennsylvania say: "Should a surplus remain after paying the debts it would belong to the grantee, for the grantee's title only fails so far as it stands in the way of the creditors." It follows from the principles announced, that in our opinion, the fraudulent grantee is substituted to the rights of his grantor in the property conveyed, and that it is subject only to the claims of the latter's creditors, and that it is his right to demand that they shall pursue strictly the procedure provided by law for the enforcement of their claims. If by reason of irregularities in the proceeding, the property be sacrificed—that is sold for a grossly inadequate consideration, by a proper procedure he can have the sale set aside. He has a right subordinate only to the claim of the creditors, and no court so far as we are advised has gone to the extent of holding, that because of his participation in a fraud this right is placed beyond the pale of legal protection. The case last cited holds that he may show that the sale is void and defeat a recovery of the property, and we think he should be permitted upon similar grounds to set aside a voidable sale

when necessary to preserve a surplus which might remain from a sale legally and regularly made.

We conclude that the court did not err in submitting the questions of irregularity and consequent inadequacy of consideration to the jury; but we think the charge should have gone further and instructed them what was meant by irregularities in the sale.

Appellant introduced evidence showing that an abstract of the judgment under which he claimed had been recorded before the date of the deed from Charles to Herman Koertge; but did not show that it had ever been indexed as the law requires. He now complains that the court erred in instructing the jury that the judgment was not a lien upon the land from the time of recording the abstract, and bases his assignment upon the proposition that in the absence of proof to the contrary the presumption is that the clerk did his duty and properly noted the abstract in the index. But the index being matter of record, could have been readily proved, if it existed. In such a case remote presumptions are not to be indulged. The legal inference is that the appellant would have proved the indexing of the abstract if an index had in fact been made.

The fifth assignment of error is that "the court erred in refusing to give the charge asked by this defendant, to the effect that if the alleged inadequacy of price bid and paid by Miller for the property was occasioned by the fact that Herman Koertge, by putting on record the deed for the property from Carl Koertge to him, thereby caused said property to bring an inadequate price at the sheriff's sale, then his heirs in this suit could not be heard or allowed to take advantage of such inadequacy of price to set aside said sale, and erred in failing to give any equivalent charge."

This assignment is well taken. The deed from Charles Koertge to Herman Koertge being upon record, was well calculated to depress the price of the property and to cause it to sell for a song. If this deed was fraudulent, and if it was in fact the cause of the low price at which the property was sold, the sale should not have been set aside for inadequacy of consideration. This is expressly decided in the case of Daniel v. McHenry (4 Bush., Ky., 277).

The other questions presented in the brief of appellant are not likely to arise upon another trial, and need not be determined. But we consider it proper to say that in our opinion, in

order to set aside a sheriff's sale for mere irregularity and in-adequacy of consideration, a direct proceeding should be instituted for that purpose, in the court from which the execution issued, and the plaintiff in execution as well as the purchaser should be made a party. The plaintiff in execution is liable to have to refund the money received from the sale, and has an interest in the result of the suit. The point was not made in the lower court, and we do not here decide it. The plaintiffs in this suit tender the bid to the purchaser, and this may relieve them of the necessity of making the State a party.

For the errors pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*