[No. 132. Decided March 13, 1891.]

JAMES S. PIERCE et al. v. JOSEPH R. KENNEDY et al.

LITTORAL PROPRIETOR—TIDE LANDS—EJECTMENT.

The littoral proprietor of land bordering on tide waters cannot maintain an action in the nature of ejectment against persons who take possession of, erect buildings on and occupy the shore between high and low water mark, opposite his premises, when such part of the shore is within one mile of the corporate limits of a city, and the littoral proprietor has acquired no right to such tide land by lease from the state

*Appeal from Superior Court, Pierce County.*

*Calkins & Shackleford,* for appellants.

*Ballard & Norris,* for appellees.

The opinion of the court was delivered by

ANDERS, C. J.—The facts in this case are substantially the same as those presented in the case of *Eisenbach v.*

*Hatfield, ante,* p. 236, and by agreement of counsel the two cases were argued and submitted together; and, for the reasons given in the opinion filed in that case, the judgment of the court below should be reversed. But there is an additional reason why appellees cannot prevail in this action. They alleged in their complaint, substantially, that they were the owners of certain lots in the city of Tacoma, bordering upon the waters of Puget Sound; that appellants, at a certain time mentioned in the complaint, willfully, maliciously and unlawfully, and without their consent, took possession of the same, erected buildings thereon, and occupy the same; that they demanded possession of said premises from appellants, who refused, and still refuse to deliver the same to plaintiffs, to their damage in the sum of $1,000; and praying for possession of the said premises, and for $500 as attorney's fees, to be taxed as costs, and for further relief. Appellants, defendants below, filed an answer denying the allegations of the complaint, and setting up, as an affirmative defense to the action, that they were occupying the shore between high and low water mark opposite part of the premises described, and that the part of the said shore so occupied by them is within one mile of the corporate limits of the city of Tacoma, and that the title to said shore between high and low water mark is vested in the State of Washington, and by the constitution of said state is reserved from sale, and that the state has power and right to dispose of the possession of said land, and that the plaintiffs have acquired no right to the possession thereof, by lease or otherwise, from the state. Plaintiffs interposed a general demurrer to this answer, which was sustained by the court, and judgment rendered thereon for plaintiffs, from which judgment defendants appeal. We are of the opinion that, upon the pleadings in this case, judgment should have been rendered for defendants. The remedy, if any, of plaint-

iffs, was in equity, and not by an action in the nature of ejectment. The judgment of the court below must be reversed, and the cause remanded, with instructions to dismiss the action; and it is so ordered. Costs to appellants.

HOYT, DUNBAR, and SCOTT, JJ., concur.

STILES, J.—I concur in the result in this case for the special reasons stated in the foregoing opinion.

### ON PETITION FOR REHEARING.

ANDERS, C. J.—On the trial of this cause in this court, the argument of counsel was directed solely to the question of the littoral rights of owners of land bordering upon the shores of an arm of the sea in which the tide ebbs and flows, and our decision was based upon the supposition that the buildings and improvements of appellants complained of were below high water mark. We find no argument or authority presented in the petition for rehearing sufficient to induce us to change our opinion upon that question, and therefore decline to grant a rehearing.

But, after a further examination of the pleadings, we are inclined to believe that the order directing a dismissal of the action should not have been made. Counsel for appellees state, in their petition, that appellees had no intention of bringing any suit or action except for the land above high tide and owned by them, and we think the complaint may fairly be construed to support the assertion. Certain issues of fact seem to be raised by the complaint and answer which appellees have a right to have tried in the court in which the action was brought. The order directing the court below to dismiss the action will, therefore, be vacated, and the cause remanded to the court below with directions to overrule the demurrer to the answer, and to proceed according to law.

HOYT, STILES, SCOTT, and DUNBAR, JJ., concur.