[No. 1205.  Decided March 27, 1894.]

WEST COAST IMPROVEMENT COMPANY, *Respondent*, v. THOMAS WINSOR *et al.*, *Appellants*.

INJUNCTION — TRESPASSERS ON TIDE LANDS — RIGHTS OF UPLAND
PROPRIETOR — APPEAL — WEIGHT OF TESTIMONY.

Where there is a substantial conflict over the facts upon which a temporary injunction has been granted, the supreme court will not, on an appeal from such order, disturb the action of the trial court.

An upland owner has, under the laws of this state, a preference right of purchasing the tide lands lying in front of his lands where such lands have not been occupied and improved by others prior to March 26, 1890, and, by reason thereof, is entitled to an injunction against mere trespassers who are attempting to occupy or interfere in any way with his possession of such tide lands. (*Pierce v. Kennedy*, 2 Wash. 324, and *Morse v. O'Connell*, 7 Wash. 117, distinguished.)

*Appeal from Superior Court, King County.*

*Winsor, Bush & Morris,* for appellants.

*Preston, Albertson & Donworth,* for respondent.

The opinion of the court was delivered by

HOYT, J.—Respondent brought an action to restrain the appellants from driving piles upon a certain part of the tide lands in front of the city of Ballard. The complaint alleges, among other things, that respondent was the owner of the upland in front of which such portion of the tide land was situated. The appellants, in their answer, denied such ownership, and set up the fact that they were in possession, with such improvements as were contemplated by the tide land act of 1890 (Laws, p. 431), at the date of its passage; and, as such improvers, were entitled to the prior right of purchase under the provisions of said act. The questions of fact, as to which a large number of affidavits were introduced, were confined substantially to those growing out of the allegations and denials as to these two propositions. The superior court, after an examination of the proofs offered by the respective parties, granted a temporary injunction, as prayed for by the respondent, and from the order granting it this appeal has been prosecuted.

Appellants, in their brief, rely upon the facts in relation to the questions submitted to the lower court, and further claim that even if the facts were correctly decided, the law would not warrant the interference of the court by its writ of injunction. As to such questions of fact there was such a substantial conflict that upon an appeal from an order of this kind this court ought not to disturb the finding of the lower court. The order made is but a tentative one, and the bond required of the respondent will protect appellants, if, at the end of the litigation, it is found that the

temporary injunction should not have been granted; while if we should go into an examination of the facts and determine them differently, and upon such determination set aside the action of the lower court, and upon final hearing upon proofs taken under circumstances which would better enable the courts to arrive at the truth of the matter, it should be found that this court had made a mistake as to the facts, the injury to the respondent might be beyond repair.    In view of these considerations, the appellate court should upon appeals from preliminary orders of this kind refuse to disturb the facts upon which the trial court proceeded, if the proofs are such that they may be said to have fairly warranted such a determination, even although, upon a final consideration, this court would feel obliged to find differently upon the same proofs.    It follows, that in the determination of this appeal we shall assume that the court below properly found that the respondent was the upland owner and that the locality in question had not been so occupied by the appellants as to entitle them to the first right of purchase under said tide land act.

Upon this state of facts the court below was of the opinion that the law warranted its interposition to prevent the appellants from making improvements contrary to the will of the respondent; and whether or not it was right in so interpreting the law is the sole question presented for our consideration.

We held in the case of *Eisenbach v. Hatfield*, 2 Wash. 236 (26 Pac. 539), that the upland proprietor, as such, had no rights as to tide lands in front of him which the state was bound to respect.    There is a suggestion in the brief of the respondent that decisions of the court of appeals in the State of New York, and of the supreme court of the United States, subsequent to our decision of that case, have been such that we ought again to enter upon an investigation of the questions there decided.    But in view of the

fact that this court has recognized the doctrine announced in that case in several other cases; of the further fact that we are not satisfied that the cases cited by respondent have announced a contrary doctrine, excepting as the conditions have been influenced by statute law, and of the recent decision of the supreme court of the United States in the case of *Shively v. Bowlby*, [1] on appeal from the supreme court of the State of Oregon, which has not yet been published, and as to the terms of which we are not advised further than from reports in newspapers, which, however, seem to indicate that the principles announced in the case of *Eisenbach v. Hatfield* have been fully sustained by the court of last resort as to such questions, we shall not at this time enter into any further investigation thereof, but shall assume that the law applicable to tide lands of this state was correctly interpreted in said case.

That case, however, did not go to the extent of holding that an upland proprietor had no interest in the tide land in front of him, except as against the state, and the question as to what would be his rights as against one not claiming under the state has not been passed upon, so far as we are advised, by this court. Nor is it necessary that we should pass upon it in determining this appeal, as, in our opinion, the state, by the enactment of the tide land law above referred to, has conferred upon upland proprietors a valuable right which they hold to the exclusion of all others excepting such improvers as under the terms of said act have superior rights; and, as we have seen, from what we have said about the facts of this case, that for the purposes of the decision of this appeal the appellants are not in a situation to assert such rights under said act, there is nothing which prevents full force being given to the rights of the respondent as the upland owner. The respondent, then, under the provisions of the laws of the

[1] Reported in 14 Sup. Ct. 548.

state in reference to tide lands, has the absolute right to purchase the location in question, with which right the state alone has authority to interfere.

Such being the situation and rights of the respondent, we think that a fair interpretation of the statute will show that it was the intent of the law making power that no mere trespasser upon the tide lands of the state should be allowed to occupy or in any manner interfere with the possession by the upland owner of the tide lands in his front, until such time as he could exercise his right to purchase the same from the state. The appellants, then, had no right whatever to do the acts complained of, and the respondent had a right to enjoy the possession of the location in question until such time as it would be allowed to purchase under the laws of the state. It follows that the action of the appellants was in contravention of the rights of the respondent.

This being so, it would follow, under the general maxim, that it must be entitled to some protection under the law. This court held in the case of *Pierce v. Kennedy*, 2 Wash. 324 (26 Pac. 554), that such upland proprietor had no remedy at law. Hence, if it has any remedy at all it must be in equity. We are not prepared to hold that in such a case as this the exception to the general rule must be held to obtain, and that by reason of such exception the respondent, though having an undoubted right, must submit to its violation by a stranger, for the reason that the courts are powerless to afford it protection. It is no doubt true, as contended by appellants, that the question of who shall have the right to purchase, and other matters of that kind, before they can be finally determined, should be acted upon by the board authorized by the legislature, and that as to the final rights of the parties to controversies of this kind the courts will have no jurisdiction until action has been had by said board. But it does not follow that

during the time intervening between the granting of the right by the legislature and the doing of such acts under said law as will give such board jurisdiction to determine as to the rights of the parties, the courts have no jurisdiction to protect the enjoyment of the situation which the legislature fairly contemplated should be maintained until such time as such board should have taken action.

There being no person who could acquire any right as against the respondent to occupy the location until after the action of such board, it must follow that it is entitled to protection in its right of possession.    It would not be questioned but that an improver is entitled to protection of his possession until such time as he has opportunity to purchase under the law; yet the rights given to him by the act are no more positive than are those conferred upon upland proprietors, and if he is to be protected in his possession so that his right to purchase may in no manner be interfered with, the upland proprietor should be entitled to like protection.    While the question might not have been directly involved in the case of *Eisenbach v. Hatfield*, *supra*, that was said by this court in its opinion which clearly tended to show that the improver would be entitled to protection as to his possession; and for that reason we think it must be held that the upland proprietor should have a like protection.

It is contended on the part of the appellants that in the case of *Morse v. O'Connell*, 7 Wash. 117 (34 Pac. 426), this court decided that it could not interfere in favor of one claiming the right to purchase as against one trespassing upon the location as to which said right was claimed. But an examination of the facts of that case will show that what was said by the court in regard to that question cannot fairly be so interpreted.    In the first place, the question of law presented there was different from the one presented here.    In that case the improver did not claim

that his improvements actually covered the location, and for that reason the question as to whether or not he had any rights thereto would be dependent upon the finding by the properly constituted board as to whether or not it was necessary to the enjoyment of his improvements. And for this reason the question of fact, the determination of which was primarily devolved upon such board, had to be determined in order to ascertain whether or not he had any right to the location. While in the case of an upland proprietor the right is given regardless of the determination of any question of fact, subject only to an exception which must be made affirmatively to appear before it can have any influence upon the rights of the upland owner.

If the courts should hold that the upland owner had no right to prevent one having no claim whatever from squatting upon tide lands in his front, we should have such a state of facts existing as would tend greatly to the prejudice of the public interests. The delays of the law are such that it may be years before it will be finally determined as to the right to acquire ownership under the state, and if, during all that. time, the possession of such tide lands is to be the subject of an uncontrolled scramble between those claiming no right whatever thereto, a most objectionable state of affairs will be inaugurated. In our opinion, the courts are not obliged to sit idly by and allow the unrestrained cupidity and passions of trespassers, in which might will be the all powerful factor, to have full play. The courts, by retaining matters *in statu quo*, will in no manner interfere with the rightful jurisdiction on the part of the proper authorities as to the possession and ownership of the tide lands of the state.

The order granting the temporary injunction must be affirmed.

DUNBAR, C. J., and STILES, SCOTT and ANDERS, JJ., concur.