WHITAKER et al. v. HILL et al. (No. 1511.)

(Court of Civil Appeals of Texas. Texarkana. July 7, 1915. Rehearing Denied Oct. 7, 1915.)

1. JUDGMENT ⬦788—LIEN—RECORDING.

A judgment creditor may, notwithstanding an unrecorded deed by the debtor to a third person, acquire a lien on the land by complying with Vernon's Sayles' Ann. Civ. St. 1914, arts. 5614–5616, relating to judgment liens, or by levy of execution without knowing and without being chargeable with notice of the third person's title under articles 6827, 6828, and may, under article 6824, subject the land to his judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1368, 1369; Dec. Dig. ⬦788.]

2. JUDGMENT ⬦769—LIEN—RECORDING AND DOCKETING JUDGMENT—INDEX.

The indexing of the abstract of a judgment duly recorded is, under Vernon's Sayles' Ann. Civ. St. 1914, arts. 5614–5616, indispensable to the creation of a lien.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1327; Dec. Dig. ⬦769.]

3. INJUNCTION ⬦136, 163—TEMPORARY INJUNCTION—GRANTING OR DISSOLVING.

The court, in granting a temporary injunction or refusing to dissolve it, should require a case of probable right and probable danger to the right without the injunction, and its dis-

cretion should then be regulated by the balance of inconvenience or injury to the one party or the other.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 305, 306, 357–371; Dec. Dig. ⬦136, 163.]

4. EXECUTION ⬦172 — TEMPORARY INJUNCTION—GRANTING OR DISSOLVING.

In a suit to restrain an execution sale and to remove an abstract of a judgment as cloud on title, evidence *held* to show that execution creditor had notice of the rights of a purchaser under an unrecorded deed sufficient to justify granting of a temporary injunction and refusal to dissolve it.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 519–539; Dec. Dig. ⬦172.]

Appeal from District Court, Cherokee County; L. D. Guinn, Judge.

Action by C. H. Hill and others against H. M. Whitaker and another. From an order refusing to dissolve a temporary injunction, defendants appeal. Affirmed.

Mrs. Rosa P. Osburn, one of the appellees, owned 254.8 acres of the Jose Maria Procella survey, situated partly in Cherokee and partly in Smith county. In consideration of $1,008.40 paid to her by C. H. Hill, another one of the appellees, and the execution and delivery to her by him of his four promissory notes for $250 each, payable February 13, 1914, 1915, 1916, and 1917, respectively, Mrs. Osburn conveyed the land to said Hill by a general warranty deed dated February 13, 1913. The deed was not filed for record in Cherokee county until April 7, 1915. The notes made by Hill were secured by the vendor's lien retained on the land. Before any of them had matured Mrs. Osburn assigned the notes and her claim on the land to secure the payment thereof to D. F. Wilkinson, another one of the appellees. The note due February 13, 1914, was paid by Hill at its maturity. The others, except interest which had accrued thereon, had not been paid at the time the order appealed from was made. March 29, 1915, appellant H. M. Whitaker, having on February 11, 1915, obtained judgment against Mrs. Osburn for the sum of $1,500, filed an abstract thereof in the office of the county clerk of Cherokee county, where 200 acres of the land was situated, and had same recorded. April 7, 1915, an alias execution previously issued on the judgment was levied on the 200 acres in Cherokee county by Forest Reagan, sheriff, who is the other appellee. Thereupon Mrs. Osburn, Hill, and Wilkinson commenced this suit against Whitaker and the sheriff to restrain the latter from advertising and selling the land and to have the cloud cast on the title of Hill thereto by the recording of the abstract and levy of the execution removed. The appeal is from an order made by the judge in vacation May 18, 1915, refusing to dissolve a temporary injunction he had granted May 1, 1915, restraining the sheriff from proceeding further under the execution pending a trial of the cause on its merits.

H. M. Whitaker, of Beaumont, and Norman, Shook & Gibson, of Rusk, for appellants. W. H. Clark, of Dallas, and Perkins & Perkins and Guinn & Guinn, all of Rusk, for appellees.

WILLSON, C. J. (after stating the facts as above). [1] That Hill owned the land at the time the abstract was recorded and at the time the execution was levied, and that Mrs. Osburn did not then or afterwards own it, is conceded to be true. But notwithstanding the fact that Hill owned it, Whitaker might have acquired a lien on the land by complying with the requirements of the statute with reference to judgment liens (articles 5614–5616, Vernon's Statutes), or by the levy of an execution, at a time when he did not have, and was not chargeable with, notice of the fact that Hill owned it (articles 6827, 6828, Vernon's Statutes), and be entitled by force of article 6824, Vernon's Statutes, to have it subjected to his judgment against Mrs. Osburn. Grace v. Wade, 45 Tex. 522.

[2] It appears that the abstract was duly recorded, but it does not appear from anything we have found in the record sent to this court that it was indexed as was required by the statute. Articles 5614–5616, Vernon's Statutes. As indexing the abstract was indispensable to the creation of a lien (Nye v. Moody, 70 Tex. 434, 8 S. W. 606; Nye v. Gribble, 70 Tex. 458, 8 S. W. 608; Miller v. Koertge, 70 Tex. 162, 7 S. W. 691, 8 Am. St. Rep. 587), it cannot be said to have appeared that Whitaker had acquired a judgment lien against the land.

[3, 4] But it appeared that the deed to Hill had not been filed for record at the time the execution was levied. Therefore, unless it further appeared that, notwithstanding the deed had not been so filed, Whitaker may have had, or been chargeable with, notice of Hill's claim, the judge erred when he overruled the motion to dissolve the injunction.

It was not pretended that Whitaker had actual notice of the fact that Hill claimed to own the land, but it was insisted that Hill had such possession thereof as charged Whitaker with notice of his rights.

In support of the contention testimony was offered showing that, during the fall of 1913, Hill and one O'Neal, who owned land adjoining the land in controversy, constructed a partition fence about 550 yards long, after clearing a space 10 to 12 feet wide for same, along the boundary line between them; that during the winter of 1913 and 1914 Hill opened up roads on the land in controversy and used timber thereon to make posts for fencing it; that in May, 1914, he deadened some of the timber thereon; that in August, 1914, he cleared up a site for a house he intended to build thereon, had a well dug on the site, cut timber on the land, and made logs to use in building a barn thereon, and cleared off the undergrowth on an old field on the land preparatory to cultivating it; that Hill joined other citizens of the county in petitioning the commissioners' court to open up a public road along the north boundary line of the land, and gave a part thereof to the county as a right of way for the road; that he contracted with other parties to furnish them railroad ties, and from March 25 to April 17, 1915, had men on the land engaged in making the ties, and a man engaged in hauling same therefrom; and that it was understood by people living in the neighborhood in which the land was situated that Hill owned it.

Whitaker insists that the testimony just referred to was wholly insufficient to support a finding that Hill had such possession of the land as charged him with notice of Hill's claim of title to it. We will not discuss the testimony, nor undertake to determine whether, if the appeal was from a judgment based on such a finding on such evidence alone, after a trial of the cause on its merits, such a contention should be sustained or not. The appeal is not from that kind of a judgment, but, as before stated, is from an order of a judge made in vacation, refusing to dissolve a temporary injunction theretofore granted by him. It has been held that in granting such an injunction—

"all that the judge should, as a general rule, require, is a case of probable right and probable danger to that right without the interposition of the court; and his discretion should then be regulated by the balance of inconvenience or injury to the one party or the other." Gas & Light Co. v. City of Memphis (C. C.) 72 Fed. 952; Improvement Co. v. Winsor, 8 Wash. 490, 36 Pac. 441; 2 High on Injunctions, § 1696.

In passing upon a motion to dissolve such an injunction the action of the judge should, we think, be controlled by like considerations. We are not prepared to say that in overruling the motion the judge abused the discretion he possessed. Therefore the judgment will be affirmed.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes