[No. 15964. Department Two. January 14, 1921.]

NORTHERN PACIFIC RAILWAY COMPANY *et al.*,
*Appellants*, v. MARTIN C. HOVEN,
*Respondent*.[1]

PUBLIC LANDS (96)—DISPOSAL BY STATE OF TIDE AND SHORE LANDS—PREFERENTIAL RIGHTS—ABUTTING OWNER. The owner of a ferry is not entitled to any preference right to shore lands in a navigable stream by reason of improvements of his predecessors in the construction of a wharf thereon, where it had served no useful purpose for over twenty years and had disappeared more than ten years ago.

SAME (98)—PREFERENTIAL RIGHTS—IMPROVER. The owner of a ferry is not entitled to any preference right to purchase shore lands in a navigable stream by reason of having maintained since 1908 or 1909, by permission of the city, a temporary float within the limits of a street extended into the water.

PUBLIC LANDS (119) — NAVIGABLE WATERS (32) — SHORES AND BANKS—RIGHT OF OWNERS—INJUNCTION. The abutting owner, entitled to a preference right to purchase shore lands on a navigable stream, is entitled to an injunction against a stranger to prevent threatened acts of trespass by way of permanent obstructions cutting off his access to the stream.

[1]Reported in 194 Pac. 790.

Appeal from a judgment of the superior court for Cowlitz county, Reynolds, J., entered February 2, 1920, dismissing an action for an injunction, after a trial on the merits to the court. Reversed.

*Geo. T. Reid, J. W. Quick, L. B. da Ponte,* and *A. H. Imus,* for appellants.

*W. H. Abel* and *Homer Kirby,* for respondent.

Mitchell, J.—The Northern Pacific Railway Company, since 1891, has been the owner of certain lands bounded on one side by the meander line of the Columbia river, in the city of Kalama, whereon is situated its tracks, station buildings, and wharves used for railroad purposes. This tract of land is intersected at right angles by Fir street, a public street of the city, which leads down to the water in the river. The river at this point runs northerly. For some years there has been an outstanding contract between the railway company and one John Reid in connection with the railway company's business by which Reid has been engaged by the use of small boats in transporting passengers and baggage for the railway company's patrons across the river to connect with other trains operating on that side of the river. The railway company's tracks run near the shore of the river. Its tract of land has been divided into lots and blocks. For the carrying out of the transportation agreement referred to, the railway company leased to Reid, and put him in possession of, that portion of lot 1, block B, of the railway company's plat which lies between its railway station platform and the river, and abutting upon the northern margin of Fir street. The land leased extends about twenty-five feet north and south, and is used in connection with Reid's business of carrying passengers and baggage across the river.

For ten years or more at the time this suit was commenced, Martin C. Hoven, the defendant, has been operating a public ferry across the river. His landing consists of a float between piles, and an approach to the land. It is located, by permission of the city council, at the foot of Fir street and within the marginal lines thereof as projected out into the river. Claiming the right as the successor in interest of former occupiers, the defendant threatened, prepared, and intended to improve and enlarge his float or landing place by the driving of piles and placing other permanent improvements on the north side of Fir street and immediately in front of the twenty-five foot strip used and occupied by Reid. Thereupon this action was brought by the railway company and Reid to obtain a preventive injunction restraining the defendant from placing and maintaining piles and other permanent fixtures in front of their property. The trial resulted in a judgment for the defendant, from which plaintiffs have appealed.

The place at which the respondent was intending to drive piles is situated between the meander line and the line of low water in the river, which is a navigable stream. The land has not been surveyed or platted by the state—that is, no plat thereof has been filed. The state owns the tide or shore land, under its assertion of title thereto contained in art. 17, § 1 of the state constitution. The appellants contend that, in virtue of the fact that the legislature has given the upland owner the preference right to purchase shore and tide lands lying in front of his uplands when such shore and tide lands shall be offered for sale by the state, they can maintain an injunction to prevent obstruction to the same by a trespasser, relying on Rem. Code, § 6750, and the rule laid down in the case of *West Coast Imp. Co. v. Winsor*, 8 Wash. 490, 36 Pac.

441. On the other hand, the respondent bases his claim upon the proviso to Rem. Code, § 6750, giving the preference right of purchase on account of valuable improvements in actual use prior to March 26, 1890, for commerce, trade, residence or business.

From the evidence it satisfactorily appears that certain persons, claimed by the respondent to have been his predecessors in interest, as early as 1874 built a wharf or landing place upon piles on these tide or shore lands, from a point at or near the south line of Fir street to a point sufficiently far to the north to be in front of the upland leased to Reid, and thereafter maintained and used the same until high water in the year 1894 practically destroyed it. It has not been rebuilt. There is a dispute in the evidence as to the last days of usefulness of any portion of the wharf that remained after the freshet of 1894. Much of the testimony shows it was entirely useless at all times after that date; and certainly the great weight of the testimony shows it had served no useful purpose to respondent, or his so-called predecessors in interest, for a period of twenty years prior to the time of the trial of this case and that, after the year 1894, the timbers and piles remaining gradually rotted away until for more than ten years no evidence of them was left other than a few piles or stubs of piles.

Respondent is entitled to no preference right to purchase from the state the tide or shore lands by reason of his having maintained, since 1908 or 1909, by permission of the city, a temporary float in Fir street extended into the water, for it is no part of the old wharf that existed on March 26, 1890. He cannot claim any preference right by reason of the existence of the old wharf and a so-called transfer to him in June, 1919, (a few days before the trouble arose between him and Reid over this area) of the pretended rights of some

former owner of the old wharf, because there was no wharf there at the date of the transfer to him, nor had there been any for a great many years. The respondent stands in the relation of a stranger to the area in dispute, against whose threatened act of trespass by way of permanent obstructions appellants are entitled to protection, under the rule in the case of *West Coast Imp. Co. v. Winsor, supra.*

Reversed and remanded, with directions to the superior court to enter a preventive injunction, as prayed for in the complaint.

HOLCOMB, MOUNT, MAIN, and TOLMAN, JJ., concur.