[No. 6484.   Decided March 21, 1907.]

# W. B. Van Siclen, *Appellant,* v. B. L. Muir, *Respondent.*[1]

BOUNDARIES—NAVIGABLE WATERS—SHORE LANDS—TITLE. The government meander line of a navigable lake marks the boundary of a grant made prior to the adoption of the constitution only where the same is below high-water mark, and if the meander is above high-water mark, the owner took title to the land to high-water mark.

ESTOPPEL—AFTER-ACQUIRED TITLE. Aid and consent in extending a walk and wires across a certain lot does not amount to an estoppel against the maintenance of the same, as against an after-acquired title in the lands.

LICENSES—USE OF REAL PROPERTY—REVOCATION. Aid and consent in extending a walk and wires across a certain lot amounts to but a license revocable at any time.

NAVIGABLE WATERS — RIPARIAN RIGHTS — LANDS UNDER WATERS. A littoral owner upon a navigable lake having the preference right to purchase the abutting shore lands is entitled to a mandatory injunction against the use of the shore lands by another for access to a house boat moored in front of the land.

SAME—OBSTRUCTION—NUISANCES—ABATEMENT. A littoral owner upon a navigable lake is not entitled to the removal of a house boat moored in front of his property, as an obstruction in navigable water affecting his littoral rights or as a trespass constituting a nuisance; since only the state can object thereto or bring action to abate such a nuisance.

PUBLIC LANDS—LANDS UNDER WATERS—OWNERSHIP. The shore lands on Lake Washington belong to the state, under the act of Congress admitting the state, which so declared as to the shores and beds of all navigable rivers and lakes up to and including the line of ordinary high water, and under Laws 1897, p. 730, § 4, declaring shore lands to be "lands bordering on navigable lakes and rivers below the line of ordinary high water and not subject to tidal overflow"; it appearing that the shores of Lake Washington are covered and uncovered by the rise and fall of the waters of the lake.

Appeal from a judgment of the superior court for King county, Griffin, J., entered July 5, 1906, upon findings in favor of the defendant, granting an injunction to compel

[1]Reported in 89 Pac. 188.

the removal of an obstruction placed upon a navigable lake, after denying injunctive relief asked for by the plaintiff. Reversed.

*Arthur C. Dresbach* and *F. A. Gilman*, for appellant.

*Vince H. Faben*, for respondent.

FULLERTON, J. — In 1905 the appellant constructed a house boat on the waters of Lake Washington, and in June of that year anchored the same in front of lot 4, in block 74, of Burke's Second Addition to the city of Seattle, some 40 feet from the shore line, in water ranging from 6 to 12 feet in depth. The house boat was used as a dwelling house by the appellant and his family. It was connected to the shore by a floating walk, and from the shore to Lake street, a public street of the city of Seattle, by a walk extending across block 74. The appellant also caused a telephone and electric lights to be placed in the house, the wires for which were stretched from the house across block 74 to Lake street. Subsequent to this time, the respondent purchased block 74, and shortly thereafter demanded that the appellant pay rent for the use he was making of the block, or remove his walk and wires from across the block, and the house boat from in front of the same. The appellant refused to pay rent, whereupon the respondent cut the wires, removed the walk, and erected a fence between the house boat and Lake street near the government meander line. This fence cut the appellant off from access to Lake street, and he brought this action to compel the respondent to remove the obstruction, and to refrain from further interfering with the walk and the telephone and electric light wires. The respondent, answering the complaint, sought a mandatory injunction to compel the appellant to remove the house boat from in front of block 74. The trial court denied the injunction asked for by the appellant, and granted that of the respondent; requiring the house boat to be moved, on the ground that it

unlawfully interfered with the respondent's riparian and littoral rights.

The appellant suggests two principal reasons why the judgment of the court enjoining him from maintaining the walk and wires across block 74 was wrong. The first is, that block 74 of Burke's Second Addition to the city of Seattle was platted wholly upon shore lands, which then belonged and now belong to the state of Washington, and that, in consequence, the respondent acquired by his purchase of that block no such interest therein as will enable him to maintain an injunction against the use of the property by the appellant. The contention that block 74 lies wholly on shore lands belonging to the state is based on the claim that Lake street, as platted and dedicated, extends below the line of ordinary high water of Lake Washington, and that the line of ordinary high water of the lake was the boundary line of the upland owner who platted and dedicated block 74. But in this state the line of ordinary high water does not always determine the boundary line of the land of an upland owner where his land borders on navigable waters. In grants made prior to the adoption of the constitution, as in the case at bar, it marks the boundary only where the navigable water has not been meandered by the government, or the meander line runs above the line of ordinary high water; where the meander line runs below that line, the meander line itself marks the boundary of the grant to the upland owner. See, *Washougal & La Camas Transp. Co. v. Dalles etc. Nav. Co.*, 27 Wash. 490, 68 Pac. 74, where the reason for the distinction is stated. Here, while the appellant's evidence does tend to show that the street lies below the line of the ordinary high water of the lake, it as conclusively shows that it lies entirely above the meander line, leaving a strip varying in width from a few inches on the south side of the block to thirty-two feet and more on the north. This strip of land the upland owner could lawfully plat and could just as lawfully convey by deed, and when the respondent purchased

block 74, he acquired the legal title to this strip, and having that legal title, may control its use.

The second reason is that he anchored his boat in front of block 74 at the respondent's suggestion, and extended the walk and wires across the block with his aid and consent, and that because of this aid and consent the respondent is now estopped from insisting that they be removed. But at that time the respondent had no rights in the premises himself, and it may be well doubted whether his conduct, even if it would have amounted to an estoppel had the respondent then owned the premises, could be urged against an after-acquired title. Aid and consent of this kind, however, do not amount to an estoppel in any case. They at most but confer a license, which can be revoked at any time upon notice. Here notice of revocation was given, and when the appellant refused to remove the walk and wires the respondent had the lawful right to remove them.

The injunction against the use of the shore lands in front of block 74 was also proper. As the respondent owns the upland abutting on these shore lands, and has, by reason of such ownership, the preference right to purchase such shore lands when they are placed on the market for sale, he was, under the rule of the case of *West Coast Improvement Co. v. Winsor*, 8 Wash. 490, 36 Pac. 441, entitled to an injunction against the use made of them by the appellant.

But the right to enjoin the use of the block above the meander line and the shore lands is the extent of the respondent's right. As an upland owner merely he has no riparian or littoral rights in the navigable waters of the lake. These belong to the owner of the shore lands, which at the present time is the state, and it, and it only, can claim that an obstruction placed in such navigable waters is an interference with the riparian and littoral rights following the ownership of the shore lands. *Eisenbach v. Hatfield*, 2 Wash. 236, 26 Pac. 539, 12 L. R. A. 632.

We have not overlooked the respondent's contention to the effect that there are no shore lands on Lake Washington, and that the rules applicable to the existence of such lands do not apply. But the contention is without foundation. By virtue of the Act of Congress admitting the state into the Union, the shores and beds of all navigable rivers and lakes, up to and including the line of ordinary high water, became the property of the state; and the state, having title, can declare what portion of such lands shall constitute shore lands and be subject to sale to private parties, so long of course as its acts do not unreasonably interfere with the primary right of navigation. In the exercise of this power, the legislature has declared shore lands to be "lands bordering on the shores of navigable lakes and rivers below the line of ordinary high water and not subject to tidal flow." Laws 1897, p. 230, § 4. While this description is not definite where harbor lines have not been established, since it does not define the water boundary of the lands, it would certainly include all lands lying between the boundary line of the upland and low water, and may include the land lying between such boundary line and water of sufficient depth for ordinary navigation. Either definition, however, is sufficient for the purposes of this case, as the evidence shows there are lands on the shores of Lake Washington that are covered and uncovered by the rise and fall of the waters of the lake.

The respondent seems also to lay stress upon the fact that the appellant is a trespasser on the navigable waters of the state, and that the court can for this reason require the removal of his house boat as a nuisance. It may be that, upon the suit of a proper plaintiff, the court could do this, but the appellant has no such interest in the waters of the lake as will enable him to maintain an action on that ground. Such an action must be maintained by the state, or by some person who is specially injured by the obstruction; a trespasser on state or Federal property does not have to answer for his trespass to the suit of a mere intermeddler.

The judgment appealed from is therefore reversed, and remanded, with instructions to enter a decree enjoining the appellant from maintaining or attempting to maintain a walk or telephone or electric light wires across block 74 from Lake street to the meander line, and across the shore lands from the meander line to the line of ordinary low-water mark in the lake in front of block 74; and enjoining the respondent from interfering with the appellant's house boat, or his walk or telephone or electric light wires where the same do not touch block 74 or the land lying between high and low water in front of that block. Neither party will recover costs in either the lower or this court.

HADLEY, C. J., ROOT, DUNBAR, CROW, and MOUNT, JJ., concur.