[No. 12986.    Department One.    March 24, 1916.]

WASHINGTON BOOM COMPANY, *Respondent*, v. CHEHALIS
BOOM COMPANY, *Appellant*.[1]

TRIAL—INSTRUCTIONS—ACCEPTED FACTS.    It is error to refuse a
requested instruction that the jury accept specified material facts
which were not disputed.

EMINENT DOMAIN—DAMAGES—PRIVATE PROPERTY OF BOOM COM-
PANY—INSTRUCTIONS.    In an action to condemn certain property of
a boom company which the supreme court on a former appeal had de-
cided to be its private property and not devoted to any public use,
it is error to refuse to instruct that the jury could not take into
consideration defendant's organization as a boom company in order
to enhance or affect the damages for condemning property rights
which were simply private property rights not devoted to a public
use.

NAVIGABLE WATERS—BEDS AND SHORES—TITLE—GRANT BY UNITED
STATES—UNMEANDERED STREAMS.    The state, under Const., art. 17,
§ 1, being the owner of the beds and shores of navigable streams, a
railroad grant of designated lots across which there was an unme-
andered navigable slough does not convey the title to the shores or
bed of the slough, the limit of the grant being ordinary high water
where there is no meander line.

Appeal from an order of the superior court for Chehalis
county, Irwin, J., entered March 2, 1915, in favor of the
plaintiff, upon setting aside a verdict and granting a new
trial, in condemnation proceedings.    Affirmed.

*A. Emerson Cross* and *G. R. Snider*, for appellant.

*Hogan & Graham*, for respondent.

MOUNT, J.—This appeal is from an order of the trial
court setting aside a verdict and granting a new trial in a
condemnation action.    The defendant has appealed from that
order.    The new trial was granted upon two grounds, as
stated by the court: First, because of misconduct of the jury;

[1]Reported in 156 Pac. 24.

and second, because of the failure to give two instructions requested by the plaintiff.

This is the second appeal in this proceeding. Upon the first appeal, which was from the order of necessity and public use, we reversed an order of the superior court and remanded the case to the lower court to determine the damages to the defendant's property. The facts are stated in that opinion. *State ex rel. Washington Boom Co. v. Chehalis Boom Co.*, 82 Wash. 509, 144 Pac. 719.

A considerable portion of the appellant's brief is devoted to an argument to the effect that the court erred in considering affidavits of jurors upon the question of misconduct of the jury. In view of our conclusion that the trial court committed error in refusing to give the instructions mentioned, and the giving of another instruction which we shall notice, it will not be necessary to notice the question relating to the misconduct of the jury; for it is apparent that this, even if error, cannot occur again upon a new trial.

It is argued by the appellant that the court did not err in refusing to give requested instructions numbered two and three. At the trial, the plaintiff requested the court to give an instruction to the jury to the effect that they should accept as a fact that the Washington Boom Company, the plaintiff in the action, is a duly organized boom company under the statutes of the state, and has filed its plat of location covering the waters of Preacher's slough, and has constructed a boom thereon, and is entitled to enjoy the proceeds and assume the responsibilities of a boom company in the waters of Preacher's slough; that no other boom company could occupy with its boom the same space occupied by the plaintiff's boom. This requested instruction was refused. It should have been given because the facts are not disputed.

Request No. 3, refused by the court, was to the effect that while the defendant boom company is organized as a boom company, that fact could not be taken into consideration by the jury in order to enhance or affect the damage to which

the defendant boom company would be entitled for the property sought to be condemned in this proceeding; that the property rights of that company which are sought to be condemned in this action are simply private property rights not devoted to a public use by that company; that the jury must consider the property rights of the defendant in the same light as if those rights were not owned by the boom company, but were owned by private individuals.

The trial court, upon the motion for a new trial, concluded that he should have given the substance of these two instructions to the jury. We think the trial court was clearly right in this respect; for we held upon the other appeal, *State ex rel. Washington Boom Co. v. Chehalis Boom Co.*, *supra*, that the property rights sought to be condemned were private property rights of the Chehalis Boom Company. In that opinion we said:

"But we are of the opinion that that appropriation, in the light of the long period of respondent's failure to use any portion of the waters of Preacher's slough in its boom business, must be regarded as of no avail to it as against the eminent domain right of relator here sought to be exercised. The necessary conclusion is that the property rights of respondent, which relator seeks to acquire by right of eminent domain, are simply private property rights, the title to which is in respondent, not devoted to public use and needed by relator for public use."

We think it follows from that decision that the trial court, in determining the award for damages, should have so instructed the jury. It is plain, therefore, that the trial court was right in granting a new trial.

The respondent contends that the trial court should have granted a new trial for the additional reason that an instruction given by the court to the jury was erroneous. That instruction was as follows:

"You are instructed that the defendant, the Chehalis Boom Company, owns the tide lands and bed of this slough in that portion thereof where the petitioner intends to con-

struct its boom, but the slough being a navigable body of tide water, it owns the bed of the slough subject to the rights of navigation on the part of the public; and, while it owns the bed of the slough, it would have no right to obstruct or interfere with the public right of navigation. It would, however, have the right to use and improve the tide lands along the side of the slough; and what is meant by the tide lands is the space between mean high tide and mean low tide. The petitioner, Washington Boom Company, by this action will acquire the right to use the tide lands within the limits of the boom for its corporate purposes."

In view of the fact that this question will necessarily arise upon a new trial, it is proper for us to decide the correctness of this instruction. We think it is plain that this instruction is erroneous. It is conceded that Preacher's slough is a navigable stream in which the tide ebbs and flows. As stated in the former opinion, this slough is some two hundred feet in width. It flows in a sinuous course in a general westerly direction, receiving its waters from the Chchalis river at its southerly shore, and empties into the river a distance of some four or five miles below. It is conceded that the Chehalis Boom Company has not acquired the shore lands upon this slough from the state. It appears that the Chehalis Boom Company acquired these lands from the Northern Pacific Railway Company; and it is claimed that, because this slough was not meandered, and because the slough runs diagonally across the lands purchased from the Northern Pacific Railway Company, the patent from the United States to the Northern Pacific Railway Company carried with it the shore lands and the bed of this slough.

This court has uniformly held that the state is the owner of the beds and shores of navigable streams, and has the absolute power to dispose thereof. Const., art. 17, § 1; *Brace & Hergert Mill Co. v. State*, 49 Wash. 326, 95 Pac. 278; *Bilger v. State*, 63 Wash. 457, 116 Pac. 19; *Austin v. Bellingham*, 69 Wash. 677, 126 Pac. 59; *State ex rel. Ham, Yearsley & Ryrie v. Superior Court*, 70 Wash. 442, 126 Pac.

12—90 WASH.

945; *Grays Harbor Boom Co. v. Lownsdale*, 54 Wash. 83, 102 Pac. 1041, 104 Pac. 267; *Newell v. Loeb*, 77 Wash. 182, 137 Pac. 811; *Hill v. Newell*, 86 Wash. 227, 149 Pac. 951.

In *Hill v. Newell, supra*, we said at page 229:

"It is a rule that a grant from the government will not be enlarged by construction. . . . In consequence it has been the uniform holding of the supreme court of the United States that it will recognize and administer the law prevailing in the particular state when passing upon the extent of its own grant, when that grant is bordered or intersected by a navigable stream or lake." (Citing a number of cases.)

In *Hauge v. Walton*, 72 Wash. 554, 131 Pac. 248, we said:

"The government of the United States has granted to the state of Washington title to all tide and shore lands and to the beds of all navigable streams and lakes. This title is asserted in the constitution of the state, in various acts of the legislature, and acts amendatory thereto, and has been sustained by repeated decisions of this court. Plaintiff took under his patent to the line of ordinary high water. That line marked the limit of his boundary."

In *Newell v. Loeb, supra*, we said, at page 193:

"From these, and numerous other authorities which might be cited, it is plain that the state is the owner of the bed of the Duwamish river, being a navigable river, and that the appellants Loeb and Moyses have no interest therein. And the fact, if it is a fact, that their land borders upon the shore of the river does not give them any rights, either in the bed of the stream or in the waters thereof."

The appellant relies upon the case of *Kneeland v. Korter*, 40 Wash. 359, 82 Pac. 608, 1 L. R. A. (N. S.) 745. That was a case where the appellants sought to recover the possession of eleven acres of tide land constituting a portion of a fifty-one acre tract of land "surveyed, platted, and designated by the United States government as lot three, section thirteen, township nineteen, north, of range three west, Willamette Meridian, in Thurston county, Washington." In that case we held that, inasmuch as the land had been sur-

veyed, platted, and designated as a lot, and inasmuch as the
railroad company had earned the title to this lot prior to the
adoption of the constitution, this tract of land was disclaimed
by virtue of art. 17, § 2, of the state constitution, because it
was in effect patented land at the time the constitution was
adopted.  And we there said:

"The land in question was surveyed years prior to the time
of the admission of this state into the Union, and prior to the
filing of the map of definite location of route by the railway
company.  The enactment of the statute, the filing of the map
of definite location, and the survey and platting of these
lands, all having taken place years before Washington at-
tained statehood, it must be presumed that the railway com-
pany was holding and claiming all of said lot three, including
these tide lands, in accordance with said government survey,
and that the constitution makers had in mind all such grantees
when they adopted the disclaimer aforesaid."

We think that case is distinguishable from this by the fact
that there the land had been surveyed and platted by the
United States as government lots.  These lots as surveyed
and platted contained the tide lands there in dispute.  The
appellant in this case upon this question argues that, because
this slough was not meandered by the government, it was
therefore a part of the section granted to the railway com-
pany, and that, therefore, the shore and bed of the navigable
water flowing across the land was included within the patent.
We think this does not follow, because, as was stated in *Hill
v. Newell, supra:*

"It is a rule that a grant from the government will not be
enlarged by construction.  'The general rule of construction
applying to grants of public lands by a sovereignty to cor-
porations or individuals is that the grant must be construed
liberally as to the grantor and strictly as to the grantee,
and that nothing shall be taken to pass by implication.' "

In *Van Siclen v. Muir,* 46 Wash. 38, 89 Pac. 188, we said:

"But in this state the line of ordinary high water does not
always determine the boundary line of the land of an upland

owner where his land borders on navigable waters.   In grants made prior to the adoption of the constitution, as in the case at bar, it marks the boundary only where the navigable water has not been meandered by the government, or the meander line runs above the line of ordinary high water; where the meander line runs below that line, the meander line itself marks the boundary of the grant to the upland owner.   See, *Washougal & La Camas Transp. Co. v. Dalles etc. Nav. Co.*, 27 Wash. 490, 68 Pac. 74, where the reason for the distinction is stated."

The case of *Kneeland v. Korter, supra,* is necessarily based upon the fact that the United States had surveyed, platted and designated a part of the tide lands as an upland lot; that is, the meander line was run below the line of ordinary high water.   In such cases we have consistently held that the meander line becomes the boundary line.   But where there is no meander line, then, under the decisions heretofore referred to, the limit of the grant from the United States is ordinary high water.   It follows, therefore, that the grant from the government to the railroad company did not convey to the railroad company the shore lands or the bed of a navigable stream.   The title to those shore lands and the bed of navigable waters remains in the state.   It follows that the trial court was in error in instructing the jury that the Chehalis Boom Company was the owner of the tide lands and the bed of this navigable slough, and a new trial should have been granted for this error.

The order is therefore affirmed.

MORRIS, C. J., CHADWICK, and ELLIS, JJ., concur.